IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Schierl Sales Corp., UI Equipment, LLC, and SSC Equipment, LLC, | |
| Plaintiffs, | Case No. _____ |
| v. | Complaint |
| Fuel On Wisconsin, LLC and Reliance Fuel LLC | JURY TRIAL REQUESTED |
| Defendants. | |

## COMPLAINT

Plaintiffs Schierl Sales Corp. ("Schierl"), UI Equipment, LLC ("UI") and SSC Equipment, LLC ("SSC Equip.") (collectively, "Plaintiffs"), by and through their undersigned counsel, as and for their Verified Complaint against Defendants Fuel On Wisconsin, LLC ("Fuel On") and Reliance Fuel LLC ("Reliance") (collectively, "Defendants"), respectfully allege as follows:

### INTRODUCTION

1.      This is an action for specific performance and to compel payment pursuant to an Asset Purchase Agreement ("APA") between the Plaintiffs and Defendant On Fuel dated October 3, 2024, and the resulting trademark infringement and unfair competition resulting from the non-performance of Defendant Fuel On under the APA and through Defendant Reliance's continued operation of convenience store locations as described herein, and for additional injunctive relief.

2.      Pursuant to the APA, the Defendant Fuel On agreed to purchase certain assets of Plaintiffs, including "Equipment", "Fuel Inventory", and "Convenience Store Inventory" at twenty-one convenience store locations (collectively, the "Stores").  The APA requires that Defendant Fuel On will de-brand all of the Stores by removing all of Plaintiffs' trademarks, logos

and other branding within 60 days of Closing, at Defendant Fuel On's sole expense. The parties agreed that if such de-branding did not occur within the 60-day limit, Defendant Fuel On would be subject to certain fee payments to Plaintiff. The parties also agreed to specific performance for failure to perform any of the obligations under the APA.

3.      The APA Closed on December 20, 2024.

4.      Defendants failed to de-brand the Stores on or before the expiration of the 60-day time period, namely February 18, 2025, and Defendant On-Fuel failed to pay the required license fees.

5.      Defendants' continued failure to de-brand the Stores creates a false and misleading impression in the minds of the consuming public that the Store locations continue to be associated with Plaintiffs.

## THE PARTIES

6.      Plaintiff Schierl Sales Corp. ("Schierl") is a Wisconsin corporation having a principal office at 2201 Madison Street, Stevens Point, Wisconsin 54481-3835.

7.      Plaintiff UI Equipment, LLC ("UI") is Wisconsin limited liability company having a principal office at 2201 Madison Street, Stevens Point, Wisconsin 54481-3835.

8.      Plaintiff SSC Equipment, LLC ("SSC") is Wisconsin limited liability company having a principal office at 2201 Madison Street, Stevens Point, Wisconsin 54481-3835.

9.      Defendant Fuel On Wisconsin, LLC ("Fuel On") is a Wisconsin Limited Liability Company having a principal office at Suite 322, 100 North Wilkes-Barre Boulevard, Wilkes-Barre, Pennsylvania, 18702 and a registered agent office located at 306 East Wilson Street, Madison, Wisconsin 53703.

10.     Defendant Reliance Fuel LLC ("Reliance") is a Pennsylvania Limited Liability Company registered to do business in Wisconsin as a foreign limited liability corporation having

a principal office at Suite 322, 100 North Wilkes-Barre Boulevard, Wilkes-Barre, Pennsylvania, 18702 and a registered agent office located at 306 East Wilson Street, Madison, Wisconsin 53703.

## JURISDICTION AND VENUE

11.    This is a civil action for breach of contract, trademark infringement, and unfair competition arising under the trademark laws of the United States, United States Code, Title 15 including, without limitation, Sections 1121 and 1125, and under Wisconsin common law. Subject matter jurisdiction of this court is conferred by United States Code, Title 28, Sections 1331, 1338(a), and 1367.

12.    This Court has personal jurisdiction over Defendant Fuel On because Fuel On is a Wisconsin limited liability company, because Fuel On conducts continuous and systematic business within Wisconsin and within this district, and because Fuel On directs and controls the acts of its agents located in Wisconsin and within this district.

13.    This Court has personal jurisdiction over Defendant Reliance because Reliance is a foreign Limited Liability Company registered to do business in Wisconsin, because Reliance conducts continuous and systematic business within Wisconsin and within this district, at least though its affiliate Fuel On, and because Reliance directs and controls the acts of its agents located in Wisconsin and within this district.

14.    Venue is proper in this district under 28 U.S.C. §§1391(b)(2) because this district is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

15.    Plaintiffs repeat and re-allege each and every allegation of the paragraphs above as though fully set forth herein.

16.    Plaintiffs are headquartered in Stevens Point, Wisconsin, and were the first to offer convenience-style gas stations in central Wisconsin.

17.    Plaintiff Schierl owned and operated convenience-style gas stations in central Wisconsin under "The Store" name since 1977.  Since 2008, until the recent sales, Plaintiff Schierl operated under the updated "The Store" trademark:



18.    Plaintiffs and related entities currently operate seven service centers in Central Wisconsin under the brand "Schierl Tire & Service Centers" and run additional retail facilities which reference the "Schierl" name.

19.    Plaintiffs' endeavors are operated under the common law trademark, "TEAM SCHIERL COMPANIES".  See: https://www.teamschierl.com/

20.    Team Schierl Companies is active in community philanthropy, and since 1990 has donated more than Five Million Dollars through a variety of fundraisers and charitable events. Additionally, Team Schierl Companies has established the donor-advised "Team Schierl Charitable Giving Fund", held at the Community Foundation of Central Wisconsin.

21.    Tim Schierl, Co-CEO of Team Schierl Companies, and the Schierl family were instrumental in the renovation of Goerke Park Community Stadium in Stevens Point, Wisconsin. Attached as **Exhibit A** is a photograph of the jumbotron at "Schierl Plaza", named in honor of Team Schierl Companies.

22.     Attached as **Exhibit B** is a photograph of the "Fritz and Julie Schierl Center" of the Boys and Girls Club of Portage County, Inc. located in Plover, Wisconsin. The facility is named in honor of Fritz Schierl, Co-CEO of Team Schierl Companies, and his wife, Julie Schierl.

23.     On January 23, 2025, the Portage County Business Council presented William Schierl, Co-CEO of Team Schierl Companies, with the 2024 President's Award for his contribution to the community.

24.     Plaintiff Schierl owns U.S. Trademark Registration No. 4,294,885 ("the '885 registration") registered on February 26, 2013 for the "THE STORE" stylized trademark:



25.     Plaintiff Schierl's trademark consists of a blue-bordered rectangle, featuring the wording "THE STORE", in blue, lined in white, with black curves depicting a shadow on some of the letters, in "THE STORE", on a gold background, with three curvilinear designs above the wording, in rust, white and blue.  The colors black, blue, white, gold and rust are claimed as features of the mark.

26.     Pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065) the '885 registration is incontestable.

27.     A true and correct copy of the '885 Registration is attached hereto as **Exhibit C**. As reflected in the status and title pages attached as part of Exhibit C, the '885 registration is valid and subsisting and owned by Plaintiff Schierl.

28.     Plaintiff Schierl is the owner of substantial trademark rights in the "THE STORE" name and stylized marks and have used the marks in association with retail store services featuring convenience store items and gasoline. As a result, "The Store" name and "THE STORE" stylized marks have become a valuable asset of Plaintiffs and a symbol of Plaintiffs' goodwill.

29.     As a result of years of use and exclusive offering of retail store services featuring convenience store items and gasoline and other services under "THE STORE" name and "THE STORE" stylized marks, the marks are widely recognized by the applicable consuming public and are associated in the minds of the public with Plaintiffs and its services.

30.     Plaintiff Schierl owns U.S. Trademark Registration No. 3,216,295 ("the '295 registration") registered on March 6, 2007 for the trademark "AROMAS BEVERAGE BAR" in standard characters.

31.     Pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065) the '295 registration is incontestable.

32.     A true and correct copy of the '295 Registration  is attached hereto as **Exhibit D.** As reflected in the status and title pages attached as part of Exhibit D, the '295 registration is valid and subsisting and owned by Plaintiff Schierl.

33.     Plaintiff Schierl owns U.S. Trademark Registration No. 3,199,458 ("the '458 registration") registered on January 16, 2007 for the "AROMAS BEVERAGE BAR" Stylized mark:



34.     Pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065) the '458 registration is incontestable.

35.     A true and correct copy of the '458 Registration is attached hereto as **Exhibit E.** As reflected in the status and title pages attached as part of Exhibit E, the '458 registration is valid and subsisting and owned by Plaintiffs Schierl.

36.     Plaintiff Schierl is the owner of substantial trademark rights in the AROMAS BEVERAGE BAR name and marks, and have used the marks in association with coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino and bakery goods and with retail store services in the nature of prepared food and beverages featuring coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino, and bakery goods. As a result, the AROMAS BEVERAGE BAR name and marks have become a valuable asset of Plaintiffs and a symbol of Plaintiffs' goodwill.

37.     As a result of years of use and exclusive offering of coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino and bakery goods and with retail store services in the nature of prepared food and beverages featuring coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino, and bakery goods and other goods and services under the AROMAS BEVERAGE BAR name and marks, the marks are widely recognized by the applicable consuming public and are associated in the minds of the public with Plaintiffs and its goods and services.

38.     Plaintiffs own the common law trademark "TEAM SCHIERL COMPANIES" which has been in use since 1991.

39.     On October 3, 2024, Plaintiffs and Defendant Fuel On entered into an Asset Purchase Agreement ("APA").

40.    A true and correct copy of the executed APA, together with the First and Second Amendments thereto is attached hereto as **Exhibit F**.

41.    The APA is ancillary to a lease agreement with the owner of the real estate and improvements where Plaintiffs' convenience stores are located. Plaintiffs agreed to sell certain Equipment, Fuel Inventory and Convenience Store Inventory for the Stores to Defendant Fuel On.

42.    The APA provides for purchase by Defendant Fuel On of, among other things, the Fuel Inventory and Convenience Store Inventory of twenty-one Store locations operated by Plaintiffs. (APA § 2).

43.    The APA specifically excludes, among other assets, "all of Seller's trademarks, service marks, tradenames, and logos owned by Seller or used in connection with the Stores, including but not limited to, the following registered trademarks: 'The Store (Stylized)' 'Impact Reward$' 'Impact Reward$ Earn More Pay Less Discount Club (Stylized)' 'Aromas Beverage Bar' and 'Aromas Beverage Bar (Stylized) and all goodwill associated therewith" (APA §3(h)).

44.    By Agreement dated November 29, 2024, attached hereto as **Exhibit G**, Defendant Fuel On agreed to purchase the "IMPACT REWARD$" trademarks under Reg. Nos. 3,158,193 and 4,310,582.

45.    Subject to the terms and conditions of the APA, Plaintiffs granted to Defendant Fuel On "a non-exclusive, non-assignable, royalty free, limited license to use Seller's registered trademark "The Store (Stylized)" in association with the operation of the Stores for a period of sixty (60) days following Closing." (APA § 11).  Closing occurred on December 20, 2024.

46.    The APA at § 11 further provides that:

> Upon the expiration of such sixty (60) day period, Buyer agrees to de-brand all of the Stores and remove all of Seller's trademarks, logos and other branding, at Buyer's sole expense. In the event Buyer fails to de-brand all of the Stores and remove Seller's

trademarks, logos and other branding within the time provided above, Buyer shall pay to Seller a daily license fee for the use of said trademarks, logos and other branding in an amount equal to the greater of: (i) Five Hundred Dollars ($500.00), or (ii) Fifty Dollars ($50.00) per Store location.

47.    Under the APA, "the Parties agree that the terms of this Agreement shall be specifically enforced." (APA § 16).

48.    The sixty-day period expired sixty days from the December 20, 2024 Closing, namely on February 18, 2025.

49.    On information and belief, Defendant Reliance operates and directs the activities of Defendant Fuel On by, among other things, paying Defendant Fuel On's commercial invoices and employees' wages.

50.    On information and belief, Defendants are commonly owned.

51.    On information and belief, Defendant Reliance is ultimately fiscally responsible for the activities of Defendant Fuel On, including costs associated with Defendant Fuel On's de-branding obligations under the APA.

52.    Defendants failed to de-brand all of the Stores and remove Plaintiffs' trademarks, logos and other branding by February 18, 2025, and continue to fail to de-brand all of the Stores by removing Plaintiffs' trademarks, logos and other branding.

53.    By way of example, and without limitation, Plaintiffs have observed the following continued use of Plaintiff Schierl's trademarks and brands on the Stores:

| Date of Photo | Location | Trademark, Branding and Location | Photo |
|---|---|---|---|
| 03/10/2025 | Badger Avenue, Stevens Point, WI | "Swoop" trademark on canopy and Pumps |  |
| 03/10/2025 | Clark Street, Steven Point, WI | "Swoop" trademark on Pumps |  |
| 03/11/2025 | Badger Avenue, Stevens Point, WI | "The Store" trademark on Pumps |  |

| Date of Photo | Location | Trademark, Branding and Location | Photo |
|---|---|---|---|
| 03/11/2025 | Clark Street, Steven Point, WI | "Aromas Beverage Bar" trademark on signage |  |
| 03/11/2025 | Post Road, Plover, WI | "The Store" trademark on cups and mugs |  |
| 03/13/2024 | Country Road NN, Wausau, WI | "Swoop" trademark on building "The Store" visible through paint |  |

| Date of Photo | Location | Trademark, Branding and Location | Photo |
|---|---|---|---|
| 3/15/2025 | Stewart Avenue, Wausau, WI | Paper taped to exterior window over "The Store" trademark |  |
| 3/18/25 | Clark Street, Stevens Point, WI | "Team Schierl Companies" branding visible through tape |  |

| Date of Photo | Location | Trademark, Branding and Location | Photo |
|---|---|---|---|
| 3/22/2025 | County Road NN, Wausau, WI | "The Store" trademark on Pump<br><br>"Team Schierl Companies" branding on Pump |  |
| 3/22/2025 | Westview Blvd., Weston, WI | "The Store" trademark on signage |  |

| Date of Photo | Location | Trademark, Branding and Location | Photo |
|---|---|---|---|
| 3/22/2025 | County Road J, Weston, WI | "The Store" Trademark on Front Windows |  |
| 3/24/2025 | Clark Street, Stevens Point, WI | "The Store" trademark on Mugs |  |

54.    Defendant Fuel On's continued, unauthorized use of Plaintiff Schierl's trademarks, logos, and branding since February 19, 2025 is a breach of § 11 of the APA.

55.    Defendant Fuel On has failed and continues to fail to pay the licensing fees required by the APA § 11. The license fees continue to accrue daily, consisting of $50 per day for each of the twenty-one Stores, totaling $1,050 per day beginning on February 19, 2025.

56.    Defendants have used and continue to use Plaintiff Schierl's "THE STORE" name and stylized marks, including distinctive portions thereof, for identical services, namely in association with retail store services featuring convenience store items and gasoline.

57.    Defendants' continued and unauthorized use of "THE STORE" name and stylized marks, including distinctive portions thereof, for identical services, namely in association with retail store services featuring convenience store items and gasoline is identical or confusingly similar to Plaintiff Schierl's trademarks.

14

58.    Defendants' use of "THE STORE" name and stylized marks, including distinctive portions thereof, creates an identical and confusing commercial impression relative to Plaintiff Schierl's trademarks.

59.    Defendants have used and are continuing to use "THE STORE" name and stylized marks, including distinctive portions thereof, at the same Store locations as those formerly operated by Plaintiffs.

60.    Defendants have used and are continuing to use Plaintiff Schierl's "THE STORE" name and stylized marks, including distinctive portions thereof, for identical services, namely in association with retail store services featuring convenience store items and gasoline.

61.    Defendants' continued and unauthorized use of the "AROMAS BEVERAGE BAR" name and stylized marks, including distinctive portions thereof, for identical goods and services, namely in association with coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino and bakery goods and with retail store services in the nature of prepared food and beverages featuring coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino, and bakery goods and other goods and services is identical to Plaintiffs' registered trademarks.

62.    Defendants' use of the "AROMAS BEVERAGE BAR" name and stylized marks, including distinctive portions thereof, creates an identical and confusing commercial impression relative to Plaintiff Schierl's trademarks.

63.    Defendants' use of the "AROMAS BEVERAGE BAR" name and stylized marks, including distinctive portions thereof, are being used at the same Store locations as those formerly operated by Plaintiffs.

64.    Defendants' continued and unauthorized use of the "TEAM SCHIERL COMPANIES" trademark is in connection with goods and services identical to those of Plaintiffs' use of the trademark.

65.    Defendants' use of the "TEAM SCHIERL COMPANIES" trademark creates an identical and confusing commercial impression relative to Plaintiffs' use of this trademark.

66.    Defendants' use of the "TEAM SCHIERL COMPANIES" trademark is being used in the same established, likely-to continue trade channels as Plaintiffs' use.

67.    Upon information and belief, Defendants intend to derive benefit from the reputation and goodwill associated with Plaintiffs and their trademarks and brands through continued use of Plaintiffs' trademarks and brands due to their failure to de-brand.

68.    There is a likelihood of confusion as to the source or sponsorship of the goods and services that Defendants offer under the "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and the "TEAM SCHIERL COMPANIES" trademark because these trademarks and brands are identical to Plaintiffs' trademarks and brands.

69.    Defendants are not authorized by Plaintiffs to use the "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and the "TEAM SCHIERL COMPANIES" trademark or any similar branding, names or designs for products or services, except as provided under § 11 of the APA.

70.    Defendants' infringement of Plaintiffs' rights creates confusion in the marketplace and damages Plaintiffs' goodwill, causing irreparable harm to Plaintiffs' business and reputation.

71.    Defendants' infringing use of "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks and the "TEAM SCHIERL

COMPANIES" trademark has caused Plaintiffs to lose control over and incur damage to its reputation in the marketplace and in the community.

72.    Defendants' infringing use of "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks and the "TEAM SCHIERL COMPANIES" trademark has caused Plaintiffs to incur damage to the value of its trademarks and brands and associated goodwill.

73.    On information and belief, Defendants failed to de-brand and continue to use Plaintiffs' marks and brands with the intention of deceiving and misleading customers, the relevant industry, and the public at large by intentionally and wrongfully trading on the goodwill and reputation of Plaintiffs.

74.    On information and belief, Defendants' infringement of Plaintiffs' rights is intentional and Defendants acted with knowledge of Plaintiffs' rights in "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and the "TEAM SCHIERL COMPANIES" trademark.

75.    On information and belief, Defendants have a bad faith intent to profit from the use of "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and the "TEAM SCHIERL COMPANIES" trademark by creating an association with Plaintiffs' trademarks, brands and business as to source or sponsorship.

76.    Defendants' actions were and continue to be taken in willful and malicious disregard of Plaintiffs' rights.

77.    Defendants' infringing activities have caused Plaintiffs monetary harm and they have been damaged.

78.    Defendants' unauthorized use of Plaintiffs' trademarks and brand is a deceptive practice that has an adverse impact on the public interest.

79.    By virtue of Defendants' actions described herein, Plaintiffs are being irreparably harmed and do not have an adequate remedy at law because Plaintiffs' special interests in protecting the integrity of its trademarks and in preventing customer confusion are compromised. Actual confusion of purchasers may have already occurred and will occur in the future unless Defendants are enjoined from continuing their unlawful conduct.

80.    Plaintiffs' irreparable injury also includes, without limitation, harm to the value of Plaintiffs' goodwill and business reputation and their ability to exclusively maintain its trademarks to the exclusion of all others.

81.    Defendants are also irreparably harming the ability of Plaintiffs to maintain their relationships with their existing and identifiable prospective customers and with their suppliers.

82.    The Defendants, by their infringing activity, are causing Plaintiffs irreparable damage and will continue to do so unless enjoined by this Court.

**COUNT I – BREACH OF CONTRACT**

83.    Plaintiffs repeat and re-allege each and every allegation of the paragraphs above as though fully set forth herein.

84.    This count is against Defendant Fuel On for breach of the APA.

85.    The APA is a valid and enforceable contract.

86.    Plaintiffs have performed their material obligations under the APA.

87.    Defendant Fuel On breached § 11 of the APA by failing to de-brand the Stores within the required time period.

88.    Defendant Fuel On breached § 11 of the APA by failing to remit the required license fees resulting from its failure to de-brand the Stores.

18

89.    Defendant Fuel On's breach of § 11 of the APA has been ongoing since February 19, 2025 and continues.

90.    Defendant Fuel On breached § 16 of the APA by failing to specifically perform the required de-branding of the Stores.

91.    As a direct and proximate result of Defendant Fuel On's actions, Plaintiffs have been and will continue to be damaged.

92.    As a direct and proximate result of Defendant Fuel On's actions, Plaintiffs have been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendants cease using all of Plaintiffs' trademarks and branding as required by § 11 of the APA.

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT OF U.S. TRADEMARK REGISTRATION NO. 4,294,885

93.    Plaintiffs repeat and re-allege each and every allegation of the paragraphs above as though fully set forth herein.

94.    This count is against both Defendants for infringement of a federally registered trademark pursuant to 15 U.S.C. § 1114.

95.    Defendants' conduct, including their unauthorized use of "THE STORE" name and stylized marks, and distinctive portions thereof, as a source designator for retail store services featuring convenience store items and gasoline services constitutes trademark infringement of Plaintiff Schierl's registered mark of U.S. Trademark Registration No. 4,294,885 in violation of 15 U.S.C. § 1114 by creating, and continuing to create, a likelihood of confusion with Plaintiff Schierl's  registered "THE STORE" trademark.

96.    Defendants were aware of Plaintiffs' business and "THE STORE" trademark before they engaged in the infringing activities and adopted the infringing use through their failure to de-brand the Stores.

97.    Defendants used, and continue to use, the "THE STORE" trademark in a manner identical to Plaintiffs' "THE STORE" trademark with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiffs.

98.    As a direct and proximate result of Defendants' actions, Plaintiffs' have been and continue to be damaged.

99.    As a direct and proximate result of Defendants' actions, Plaintiffs have been irreparably harmed, including damage to its business and reputation, and continue to be irreparably harmed unless and until Defendants cease use all use of "THE STORE", including all distinctive portions thereof.

## COUNT III – FEDERAL TRADEMARK INFRINGEMENT OF U.S. TRADEMARK REGISTRATION NO. 3,216,295

100.    Plaintiffs repeat and re-allege each and every allegation of the paragraphs above as though fully set forth herein.

101.    This count is against both Defendants for infringement of a federally registered trademark pursuant to 15 U.S.C. § 1114.

102.    Defendants' conduct, including their unauthorized use of the "AROMAS BEVERAGE BAR" name as a source designator for coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino and bakery goods and with retail store services in the nature of prepared food and beverages featuring coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino, and bakery goods constitutes

trademark infringement of Plaintiff Schierl's registered mark of U.S. Trademark Registration No. 3,216,295 in violation of 15 U.S.C. § 1114 by creating, and continuing to create, a likelihood of confusion with Plaintiff Schierl's registered "AROMAS BEVERAGE BAR" name and trademark.

103.    Defendants were aware of Plaintiffs' business and its "AROMAS BEVERAGE BAR" name and trademark before they engaged in the infringing activities and adopted the infringing use through its failure to de-brand.

104.    Defendants used, and continue to use, the "AROMAS BEVERAGE BAR" name and trademark in a manner identical to Plaintiffs' "AROMAS BEVERAGE BAR" mark with the intention of deceiving and misleading customers, the relevant industry, and the public at large, wrongfully trading on the goodwill and reputation of Plaintiffs.

105.    As a direct and proximate result of Defendants' actions, Plaintiffs have been and will continue to be damaged.

106.    As a direct and proximate result of Defendants' actions, Plaintiffs have been irreparably harmed, including damage to their business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of the "AROMAS BEVERAGE BAR" name trademarks.

**COUNT IV – FEDERAL TRADEMARK INFRINGEMENT OF**
**U.S. TRADEMARK REGISTRATION NO. 3,199,458**

107.    Plaintiffs repeat and re-allege each and every allegation of the paragraphs above as though fully set forth herein.

108.    This count is against both Defendants for infringement of a federally registered trademark pursuant to 15 U.S.C. § 1114.

109.    Defendants' conduct, including their unauthorized use of the "AROMAS BEVERAGE BAR" stylized mark as a source designator for coffee, tea, espresso, coffee-based

beverages containing milk, namely latte, mocha, cappuccino and bakery goods and with retail store services in the nature of prepared food and beverages featuring coffee, tea, espresso, coffee-based beverages containing milk, namely latte, mocha, cappuccino, and bakery goods constitutes trademark infringement of Plaintiffs' registered mark of U.S. Trademark Registration No. 3,199,458 in violation of 15 U.S.C. § 1114 by creating, and continuing to create, a likelihood of confusion with Plaintiffs' registered "AROMAS BEVERAGE BAR" stylized trademark.

110.    Defendants were aware of Plaintiffs' business and its "AROMAS BEVERAGE BAR" stylized trademark before they engaged in the infringing activities and adopted the infringing use through its failure to de-brand.

111.    Defendants used, and continue to use, the "AROMAS BEVERAGE BAR" stylized trademark in a manner identical to Plaintiffs' "AROMAS BEVERAGE BAR" trademark with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiffs.

112.    As a direct and proximate result of Defendants' actions, Plaintiffs have been and will continue to be damaged.

113.    As a direct and proximate result of Defendants' actions, Plaintiffs have been irreparably harmed, including damage to their business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of the "AROMAS BEVERAGE BAR" stylized trademark.

### COUNT V - FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

114.    Plaintiffs repeat and re-allege each and every allegation of the paragraphs above as though fully set forth herein.

115. This count is against both Defendants for infringement of common law trademark rights, for false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

116. Defendants' conduct, including their use of the "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" brand as source designators for thier goods and services constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) by creating, and continuing to create, a likelihood of confusion with "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" brand and the related rights in Plaintiffs' business, brands, configurations, and commercial appearances.

117. Defendants' conduct set forth above is also likely to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods and services, in violation of 15 U.S.C. § 1125(a).

118. Defendants were aware of Plaintiffs' business, THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" brand and related rights in Plaintiffs' business, brands, configurations, and commercial appearances before they engaged in the infringing activities and adopted the infringing uses by failing to de-brand. Defendants knew of "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" brand and related rights in Plaintiffs' business, brands, configurations, and commercial appearances before Defendants' adoption and use of Plaintiffs' trademarks, logos and branding through their failure to de-brand.

119.    Defendants have used and continue to use  "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" brand with the apparent intent to deceive and mislead customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiffs.

120.    As a direct and proximate result of Defendants' actions, Plaintiffs have been and will continue to be damaged.

121.    As a direct and proximate result of Defendants' actions, Plaintiffs have been and will continue to be irreparably harmed, including damage to their business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of all branding as required by the APA.

## COUNT VI – TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION UNDER WISCONSIN COMMON LAW

122.    Plaintiffs repeat and re-allege each and every allegation of the paragraphs above as though fully set forth herein.

123.    This count is against both Defendants for trademark infringement and unfair competition under the common laws of the State of Wisconsin.

124.    Defendants' conduct, including their use of the "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" trademark as source designators for their goods and services constitutes unfair competition causing economic injury to Plaintiffs' businesses through deceptive or wrongful means, including through their unauthorized use of Plaintiffs' brands, configurations, and commercial appearances.

125.    Defendants' conduct set forth above is also likely to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin,

sponsorship, or approval of Defendants' goods and services, in violation of Wis. Stats. §§ 100.18 and/or 100.20.

126.    Defendants were aware of Plaintiffs' business and "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" trademark and related rights in Plaintiffs' business, brands, configurations, and commercial appearances before they engaged in the infringing activities and adopted the infringing uses by failing to de-brand, and Defendants knew of Plaintiffs' "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" trademark and related rights in Plaintiffs' business, brands, configurations, and commercial appearances before Defendants' own deceptive and wrongful adoption and use of Plaintiffs' trademarks, logos and branding through their failure to de-brand.

127.    Defendants are using "THE STORE" name and stylized marks, the "AROMAS BEVERAGE BAR" name and stylized marks, and "TEAM SCHIERL COMPANIES" trademark with the apparent intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiffs.

128.    As a direct and proximate result of Defendants' actions, Plaintiffs have been and will continue to be damaged.

129.    As a direct and proximate result of Defendants' actions, Plaintiffs have been and continue to be irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendants cease all use of Plaintiff's trademarks and branding as required by the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Schierl Sales Corp, UI Equipment, LLC and SSC Equipment, LLC pray for the following relief:

A.    That the Court adjudge Defendant Fuel On breached the APA by failing to de-brand the Stores.

B.    That the Court order Defendant Fuel On to specifically perform the de-branding of the Stores at its own expense as required by the APA.

C.    That the Court adjudge that Defendants willfully infringed and continue to infringe Plaintiff Schierl's United States Trademark Registration No. 4,294,885.

D.    That the Court adjudge that Defendants willfully infringed and continue to infringe Plaintiff Schierl's United States Trademark Registration No. 3,216,295.

E.    That the Court adjudge that Defendants willfully infringed and continue to infringe Plaintiff Schierl's United States Trademark Registration No. 3,199,458.

F.    That the Court adjudge that Defendants willfully infringed and continue to infringe Plaintiffs' common law trademark rights in TEAM SCHIERL COMPANIES.

G.    That the Court adjudge Defendants have unfairly competed with Plaintiffs and that such unfair competition was willful.

H.    That Defendants, their officers, agents, servants, employees, and attorneys, successors and assigns, and any and all persons acting in privity or in concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined from:

a.    Using any name, mark, brand trade dress, indication of source or other identifier that is similar in whole or in part to any of Plaintiffs' trademarks, logos or

branding, including but not limited to all infringing uses identified in this Complaint.

b.   Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their businesses or goods or services, emanate from or are connected with, sponsored by, or approved by Plaintiffs.

c.   Aiding or abetting any other person in committing any of the acts prohibited by (a) or (b), above.

I.   That Defendants provide an accounting of profits made by Defendants as a result of the acts complained of herein.

J.   That Plaintiffs be awarded all profits derived by Defendants by reason of their infringement of Plaintiffs' trademark rights and unfair competition, and all other sums by which Defendants or their owners, members, or employees have been unjustly enriched.

K.   That Plaintiffs be awarded all damages incurred by reason of Defendants' trademark infringement of Plaintiffs' rights, and Defendants' unfair competition, including but not limited to lost profits, a reasonable royalty, loss of goodwill, and injury to Plaintiffs' reputation and goodwill.

L.   That Plaintiffs be awarded all actual and compensatory damages adequate to compensate Plaintiffs for Defendants' infringement and unfair competiton, with pre-judgment and post-judgment interest as allowed by law.

M.   That Defendants be required, in accordance with Section 34(a) of the U.S. Trademarks Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon Plaintiffs, a report in writing, under oath, setting forth in detail the manner and form

in which Defendants have complied with the terms of any injunction or specific

performance order entered by this Court.

N.      That this case be deemed exceptional under 15 U.S.C. § 1117(a), and that Plaintiffs

be awarded increased damages, including treble damages.

O.      That an assessment and award of costs and attorneys' fees for this action be made

against Defendants, including pursuant to Paragraph 17 of the APA and 15 U.S.C.

§ 1117(a).

P.      That Plaintiffs be granted such other and further relief as the Court may deem just

and proper.

Plaintiffs hereby request a trial by JURY.


Date: March 27, 2025                 Respectfully submitted,

                                     *s/Aaron T. Olejniczak*
                                     Aaron T. Olejniczak (Wis. Bar No. 1034997)
                                     aarono@andruslaw.com
                                     Cobby J. Shereff (Wis. Bar No. 1029528)
                                     cshereff@andruslaw.com
                                     Edward R. Williams, Jr. (Wis. Bar No. 1001411)
                                     edw@andruslaw.com
                                     litigation@andruslaw.com
                                     Andrus Intellectual Property Law, LLP
                                     790 North Water Street, Suite 2200
                                     Milwaukee, WI 53202
                                     Phone: (414) 271-7590
                                     Fax:     (414) 271-5770

**VERIFICATION**

I, William G. Schierl, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that I am a Co-CEO of Schierl Sales Corp.; that I am Vice President and Secretary of UI Equipment, LLC; that I am Vice President and Secretary of SSC Equipment, LLC; that I am that I am familiar with the matters as set forth in the Verified Complaint; and that under penalty of perjury, the averments in the Complaint are true and correct to the best of my knowledge and belief.

Date: March 27, 2025

_____
William G. Schierl

29